IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-53 |
| Plaintiff, | **STIPULATION** |
| v. | |
| ADAM JAMES PROCHNOW, | |
| Defendant. | |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Richard M. Lee, Assistant United States Attorney, and the defendant, Adam James Prochnow, AND his attorney, Rhiannon Gorham, hereby stipulate and agree to the following:

**PROCEDURAL HISTORY**

On March 16, 2022, Adam Prochnow was indicted for one count of arson in violation of 18 U.S.C. § 844(f)(1). (Doc. 2.) The Court ordered that Prochnow be detained until his trial. (Doc. 9.) On March 23, 2022, the United Stated filed a motion for a pretrial psychological evaluation to determine Prochnow's competency to stand trial. (Doc. 11.) The Court granted the United States' motion on March 24, 2022. (Doc. 18.)

On July 19, 2022, the parties filed a stipulation where they agreed that Prochnow was incompetent to stand trial and requested that Prochnow undergo the competency restoration procedure. (Doc. 24.) On July 20, 2022, the Court found Prochnow

incompetent to stand trial and ordered that he be committed to the custody of the Attorney General for competency restoration. (Doc. 25.)

On September 19, 2023, the parties stipulated that Prochnow had been restored to competency and requested the matter be set for trial. (Doc. 30.) The Court issued an order finding Prochnow competent to stand trial and set a trial date. (Docs. 31, 32.)

On October 5, 2023, Prochnow filed his Notice of Expert Evidence of a Mental Condition pursuant to Fed. R. Crim. P. 12.2(b). (Doc. 38.) In response, the United States filed a motion for a psychiatric or psychological evaluation (Doc. 40) which the Court granted on October 25, 2023. (Doc. 41.) The case is currently set for a bench trial on May 21, 2024. (Docs. 48, 52.)

**ELEMENTS OF THE OFFENSE**

Prochnow is charged with one count of arson in violation of 18 U.S.C. § 844(f)(1) which states:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance, shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both.

The Fifth Circuit model jury instructions provides the following elements of 18 U.S.C. § 844(f)(1):

First: that the defendant damaged or destroyed property;

Second: that the defendant did so means of fire [an explosive];

      Third: that the property was, in whole or in part, owned by [possessed by] [leased to] the United States [any department or agency of the United States] [any institution or organization receiving Federal financial assistance]; and

      Fourth: that the defendant acted maliciously.

Pattern Crim. Jury Instr. 5th Cir. 2.37A (2019), Pattern Crim. Jury Instr. 5th Cir. 2.37A (2019).

**FACTUAL BASIS**

      On March 1, 2022, at approximately 9:30 p.m., Adam Prochnow set off an incendiary device inside of the Richland County Law Enforcement Center (RCLEC) which is located in Wahpeton, North Dakota. Attached as Exhibit 1 is surveillance video from inside of the RCLEC showing Prochnow enter the RCLEC, ignite the incendiary device, and the resulting explosion. Attached as Exhibit 2 is surveillance video from outside of the RCLEC showing Prochnow enter the RCLEC and the resulting explosion.

      The RCLEC was damaged as a result of the fire set by Prochnow. Attached as Exhibit 3 is an estimate from Richland County's insurer showing damages totaling $2,632.18. Attached as Exhibit 4 is an invoice from Jam Enterprise for $1,134.00 for "carpet cleaning – smoke damage." Attached as Exhibit 5 is an invoice from Nordick Electric for the amount of $354.62 to replace the lights in the RCLEC damaged by the fire.

      Law enforcement officers began reviewing surveillance videos from area businesses to try to identify who set off the device. In reviewing surveillance videos, officers could see that the suspect was driving what appeared to be a 1960s or 1970s dark

3

colored vehicle. Officers were also able to observe the suspect vehicle, through various surveillance videos drive in the direction of Adam Prochnow's residence.

Officers first went and spoke with Prochnow's father, Brian Prochnow, because investigators believed the suspect vehicle matched a vehicle owned by Brian. Brian owned a 1962 Cadillac Deville. Officers showed Brian Prochnow surveillance video from a bank showing the suspect vehicle. After reviewing the surveillance video, Brian stated that the suspect vehicle is Adam Prochnow's 1966 Chevrolet Bel-Air.

On March 2, 2022, law enforcement surveillance units parked outside of Adam Prochnow's residence observed Brian Prochnow drive to Adam's residence and try to speak with Adam. Adam refused to open the door but spoke to Brian through the door. After Brian left, Brian told officers that Adam confessed that Adam was responsible for the incident at the RCLEC.

On March 3, 2022, surveillance units witnesses Adam Prochnow exit his residence wearing a gas mask. Prochnow ran to his detached garage, lit the garage on fire, and then ran back to his residence. The garage became engulfed in flames and burned to the ground. Later that afternoon, Prochnow was taken into custody.

After Prochnow's arrest, officers searched Prochnow's residence pursuant to a search warrant. During the search, officers found "four shotgun hulls and wads" and "two empty shotgun hulls." This was noteworthy to officers because many medal BBs, consistent with those found in shotgun shells, were found at the scene of the fire at the RCLEC.

On May 2, 2022, ATF Special Agent Levi Holter met with the Red River Regional Bomb Squad so the incendiary device could be inspected. X-ray images were taken of the device to determine whether it was safe to handle. While examining the inside of device, agents observed a large amount of dog hair and what was believed to be dog feces. This was relevant to the investigation because a large amount of dog feces was found throughout Prochnow's residence.

The Richland County Health Department, located inside of the RCLEC, is an organization that was receiving Federal financial assistance at the time of the offense. Attached as Exhibit 6 is a Richland County Health Department Budget Overview for 2020-2023. Exhibit 6 shows that the budget during that time frame was $1,356,515 with over $1,000,000 of the funds coming from Federal assistance.

**NOT GUILTY BY REASON OF INSANITY**

The United States and Adam Prochnow jointly agree that Prochnow should be found not guilty by reason of insanity. To be found not guilty by reason of insanity, the defendant has the burden to prove by clear and convincing evidence that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. 18 U.S.C. § 17. With Prochnow's Notice of Expert Evidence of a Mental Condition (Doc. 38), Prochnow included a Psychological Criminal Responsibility Evaluation drafted by Dr. Jay Phillipi, Ph.D., L.P. (Doc. 38, Ex. 1.) Dr. Phillipi concluded that on the day of the offense, Prochnow was suffering from Schizoaffective Disorder, Bipolar Type and Borderline Intellectual Functioning. Id.

Ultimately, Dr. Phillipi opined that on "March 1, 2022, Mr. Prochnow's mental disease and defect affected his responsibility in that he was unable to understand and appreciate the seriousness of the commission of the alleged offense." Id.

In response, the United States requested Prochnow be evaluated by the BOP (Doc. 40) which the Court granted on October 25, 2023. (Doc. 41.) On March 15, 2024, a Forensic Evaluation drafted by Dr. Priyanka Rao, Psy.D., a Forensic Postdoctoral Fellow, and Dr. Robin Watkins, Ph.D., ABPP, a Supervising Forensic Psychologist, was filed with the Court. (Doc. 45.) Dr. Pao and Dr. Watkins opined that "Mr. Prochnow did suffer from Schizoaffective Disorder, a severe mental disease that impaired his ability to appreciate the quality and wrongfulness, of his behavior at or around the time of the alleged offenses."

**CONCLUSION**

For the foregoing reasons, the parties jointly request the Court find the Defendant, Adam Prochnow, not guilty by reason of insanity.

Dated: May 21, 2024

By: */s/ Richard M. Lee*
RICHARD M. LEE
Assistant United States Attorney
ND Bar ID 07647
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
richard.lee3@usdoj.gov
Attorney for United States

Dated: May 21, 2024

_____
Adam Prochnow
Defendant

Dated May 21, 2024

_____
Rhiannon Gorham
Defendant's Attorney